# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP EDWARD FEENEY,<br><br>        Plaintiff,<br>   vs.<br><br>US DEPARTMENT OF JUSTICE, et al.,<br><br>        Defendant. | CASE NO. 13cv2497-LAB (WVG)<br><br>**ORDER DENYING MOTION TO PROCEED** *IN FORMA PAUPERIS*; **AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Philip Feeney filed his complaint, contending that the Affordable Care Act is unconstitutional. He did not pay the $400 filing fee, *see* 28 U.S.C. § 1914(a), but instead filed a motion to proceed *in forma pauperis* ("IFP").

The IFP motion demonstrates that Feeney has substantial assets and income, and is able to pay the required fee. The IFP motion is therefore **DENIED**, and the complaint is **DISMISSED** for failure to pay the fee. *See* § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007).

The Court has reviewed the complaint, and it fails to allege facts showing Feeney has standing to bring his claim. His argument is that the ACA was enacted in violation of the Constitution, but he does not identify any injury to himself that is traceable to this alleged unconstitutional enactment and that is likely to be redressed by a favorable ruling. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560–61 (1992) (identifying elements of standing).

Standing is jurisdictional, and the Court is required to raise this issue even if the parties do not. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing.")

It is clear Feeney disagrees with the ACA, and thinks the Constitution was violated. But merely disagreeing, however vehemently, with something the government is doing or has done does not amount to an injury, even if the source of the disagreement is an allegedly unconstitutional act. *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 485–86 (1982) ("[T]he psychological consequence presumably produced by observation of conduct with which one disagrees . . . is not an injury sufficient to confer standing under Art. III, even though the disagreement is phrased in constitutional terms.") Unless a party with Article III standing brings a claim, the Court is prohibited from passing judgment on the constitutionality of federal statutes. *See Arizona Christian School Tuition Org. v. Winn*, 131 S.Ct. 1436, 1449 (2011) (emphasizing that federal courts must not confer on themselves "the power to invalidate laws at the behest of anyone who disagrees with them," and that courts must therefore insist on Article III standing).

If Feeney wishes to proceed with his claim, he must pay the required filing fee within **21 calendar days from the date this order is entered**. At the same time, he must file an amended complaint alleging facts showing that he has standing. *See* Fed. R. Civ. P. 8(a)(1) (requiring a "a short and plain statement of the grounds for the court's jurisdiction"); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (holding that legal claims must be supported by factual allegations, not merely by conclusions).

**IT IS SO ORDERED**.

DATED: October 18, 2013

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge